IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. PRICE,

     Plaintiff,                           No. CIV S-05-2409 FCD EFB P

    vs.

BRIAN FLICKER, et al.,

     Defendants.                    FINDINGS AND RECOMMENDATIONS

                                 /

       Plaintiff is a civilly committed person proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court on defendants' motion to dismiss filed August 4, 2006.

       In considering a motion to dismiss, the court must accept as true the allegations of the complaint. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976). The court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S.

69, 73 (1984)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on five bases, including improper venue. The thrust of defendants' motion generally is that the claims asserted in this complaint are barred as a result of plaintiff having entered into a binding consent decree in a separate case filed in state court. That consent decree provides that "Petitioners/Plaintiffs shall seek no further equitable or legal relief for the acts, practices or omissions alleged in the Petition/Complaint . . . ." Defs.' Ex. at 4:14-16. Defendants have failed to include a copy of the complaint underlying the consent decree. Without it, the court is unable to determine whether the claims in this lawsuit are the same as those compromised in the earlier, state court action. Defendants have failed to demonstrate how the acts, practices, or omissions alleged in the instant complaint are identical to those in the state-court complaint.

Additionally, defendants seek dismissal on the basis of *res judicata*, summarily stating that plaintiff's complaint "essentially mirrors" the complaint encompassed by the consent decree, challenging "the same jail conditions utilizing the same cause of action." Defendants fail to demonstrate how this is so. For the foregoing reasons, the court is unable to render a decision on defendants' motion to dismiss without a copy of this complaint for which the consent decree was issued, and without adequate briefing that clearly points out and explains exactly how the claims alleged in plaintiff's instant complaint 1) involve the same claims sued upon in the present action, 2) involved the same parties in privity of interest with them, and 3) resulted in a final judgment on the merits. *Blonder-Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 323, 324 (1971). The court therefore recommends that this motion be denied without prejudice to its renewal.

Defendants shall refer to Rule 12 in renewing their motion. Rule 12 (b) provides that a motion to dismiss pursuant to Rule 12 (b)(6), where "matters outside the pleading are presented to and not excluded by the court ... shall be treated as one for summary judgment and disposed of

1 as provided in Rule 56, and all parties shall be given reasonable opportunity to present all
2 material made pertinent to such a motion by Rule 56." If defendants refile their motion they
3 shall comply with that provision of Rule 12, and if appropriate, notice the motion under Rule 56.
4     Accordingly, it is hereby RECOMMENDED that defendants' August 4, 2006, motion to
5 dismiss be denied.
6     These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13 Dated: February 15, 2007.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE