IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. PRICE,

Plaintiff, No. CIV S-05-2409 FCD EFB P

vs.

BRIAN FLICKER, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a civilly committed person proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. He alleges in his November 29, 2005, complaint that defendants violated his constitutional rights by the maintenance of certain conditions and policies at the Butte County Jail. On March 27, 2007, defendants filed a motion to dismiss, or in the alternative for summary judgment, based on the claim that plaintiff's action is barred by *res judicata.* Specifically, defendants argue that plaintiff was party to a state court action challenging inmate conditions in the Butte County Jail that resulted in a Comprehensive Consent Decree in July 2005, under the current jurisdiction of the Butte County Superior Court, and his instant complaint contains the same causes of action and challenges the same conditions as his complaint, filed only four months later.

////

**I. Standards on Motion to Dismiss**

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1970 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Bell Atlantic*, 127 S.Ct. at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id*. Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*,

798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**II. Analysis**

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff's complaint is barred by *res judicata*; is filed in an improper venue, is barred by the *Younger* abstention and *Rooker-Feldman* doctrines, is not ripe for adjudication, and is subject to judicial estoppel. Defendants generally claim that plaintiff has failed to state a claim upon which relief may be granted because he is barred from seeking legal relief on his claims as a result of having entered into a binding consent decree in a separate case filed in state court.

The defense of *res judicata* may be presented on a motion to dismiss under Rule 12(b)(6) where, as here, the defense involves no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984).

In non-diversity cases, federal courts apply federal law to determine the preclusive effect of prior federal court judgments. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n. 12 (1971). The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause

of action. *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). The doctrine prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). It is irrelevant whether the new claims that plaintiff seeks to pursue now were actually pursued in the action that led to the judgment; rather, the question is whether they could have been brought in the previous case. *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078.

The Ninth Circuit has listed four factors which may be considered when determining whether successive claims constitute the same cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Int'l Union of Operating Engineers-Employers*, 994 F.2d at 1429. These factors, however, are "tools of analysis, not requirements." *Id*. at 1430. For example, the Ninth Circuit has previously applied the doctrine of *res judicata* solely on the ground that the two claims arose out of the same transaction, without reaching the other factors. *See id.* at 1430. Determining whether two events are part of the same transaction is essentially dependent on whether the events are related to the same set of facts and whether the events could conveniently be tried together. *See id.* at 1429.

A final judgment is present when parties enter a consent decree. *Rein v. Providian Financial Corp*., 270 F.3d 895, 903 (9th Cir. 2001). The Consent Decree in the state action was signed on June 28, 2005, as the result of litigation on the part of plaintiff and two other individuals regarding the conditions of the Butte County Jail. Defs.' Req. for Jud. Ntc., Part 2, at 2. That consent decree concerns overcrowding, adequate facilities for disabled inmates, housing classification, diet, exercise, dental and medical care, mental health policies, access to legal materials, access to services and attorneys, reasonable access to toilet facilities, access to crisis intervention programs such as Alcoholics Anonymous and Narcotics Anonymous, and provision

of sweatshirts based on changes in weather conditions. *Id*. at pages 5-9. The Consent Decree provides that "[t]he [e]nforcement of this DECREE may be sought by any party . . . . If sought by the parties, it shall be duly noticed motion or Order to Show Cause. In either event, enforcement issues will be heard and decided by the Superior Court, County of Butte." *Id*. at 23. The Consent Decree further provides that "Petitioners/Plaintiffs shall seek no further equitable or legal relief for the acts, practices or omissions alleged in the Petition/Complaint . . . ." Defs.' Mot. to Dism., Exs. at 4:14-16.

Plaintiff brought suit in this action only five months later, alleging civil rights violations that arose in August and September of 2005. These alleged violations concern the conditions of his incarceration en route to and in the Butte County jail, including access to medical care and mental health services, overcrowding or inadequate holding areas for processing detainees or inmates, and asserting that he has been housed, clothed, and transported as a criminal defendant although he is a civil detainee facing recommitment proceedings. Plaintiff also claims inadequate access to legal materials, mail operation, and processing of grievances. It cannot be refuted, therefore that the events leading to the present litigation are related to the same set of facts and could have been litigated in enforcement of the Consent Decree in Butte County Superior Court.

Whether or not the present claims were actually litigated in the previous case, "res judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action." *See Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). That is, even if the present claims were not in the previous case, they clearly could have been, because, at the time plaintiff filed this action, the Consent Decree had ongoing supervision and enforcement by the Butte County Superior court. That is enough to preclude the present case. Therefore, defendants' motion to dismiss must be granted.

////

**III. Conclusion**

Accordingly, defendant's request for judicial notice, contained within their March 27, 2007, motion to dismiss is GRANTED.

Further, it is RECOMMENDED that defendants' March 27, 2007, motion to dismiss be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE